## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN HENRY BASKIN, II,

     **Plaintiff,**

     **v.**                                  **Case No. 15-3238-SAC-DJW**

FORT SCOTT POLICE DEPARTMENT,

     **Defendant.**

## ORDER TO SHOW CAUSE

Plaintiff John Henry Baskin, II, proceeding pro se, brings this civil rights action against the Fort Scott Police Department, alleging officers illegally detained him, involuntarily committed him to a hospital, and forcibly injected him with psychotropic drugs in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  For the following reasons, the Court grants Plaintiff thirty days to show good cause, in writing, to the Honorable Sam A. Crow as to why his case should not be dismissed.

**I.  Screening Standards**

Because Plaintiff is a prisoner, the court is required by statute to screen his Complaint (Doc. 4) and to dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at

1218 (quotation marks and citations omitted).  Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible."  *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted).  *Bloom v. McPherson*, 346 Fed. App'x 368, 372 (10th Cir. 2009); *Robbins*, 519 F.3d at 1247–48; *see Ellibee v. Fox*, 244 Fed. App'x 839, 843 (10th Cir. 2007). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible."  *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

**Improper Defendants**

The State and its agencies such as the Department of Corrections are not "persons" that Congress made amenable to suit for damages under § 1983.  *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will*, 491 U.S. at 66, 71 (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed. App'x. 406, 408 (10th Cir. 2005).

To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *see Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only

where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by the Fort Scott Police Department and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of

**Immunity**

The State of Kansas and its agencies, such as the Fort Scott Police Department, are absolutely immune to suit for money damages under the Eleventh Amendment.  Consequently, suits against the State and its agencies are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006)(citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) ("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It does not matter what form of relief a citizen might request in a suit against a state agency.")); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.).

**II. Analysis**

This action is subject to dismissal as against defendant Fort Scott Police Department because it is not a "person" suable under § 1983/subject to suit for money damages under § 1983. This action is also subject to dismissal because defendant Fort Scott Police Department is immune to suit for money damages.   *See* 28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C.

§1915A(b)(2).  There is no indication that the State has consented to this lawsuit.  Plaintiff does not allege that the denial of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights was the result of a policy or practice of the County or the Fort Scott Police Department or that any policy was the direct cause or moving force behind the alleged constitutional violation.  Thus, Plaintiff states no claim against the State or these municipal entities.  *Monell*, 436 U.S. 658, 690 (1978); *Smedley v. Corrections Corp. of America*, 175 Fed. App'x 943, 946 (10th Cir. 2005).

The Court grants Plaintiff thirty (30) days to show cause to the Honorable Sam A. Crow as to why his case should not be dismissed for failure to state a claim on which relief may be granted or because he seeks relief from a defendant immune from such relief.

**IT IS THEREFORE ORDERED BY THE COURT** that, on or before August 12, 2016, Plaintiff shall show good cause in writing to the Honorable Sam A. Crow as to why his case should not be dismissed for failure to state a claim on which relief may be granted or because he seeks relief from a defendant immune from such relief.

**IT IS SO ORDERED.**

Dated July 12, 2016, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge